**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LAVON PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-cv-01019-LJV |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

Defendant, the United States Drug Enforcement Administration (DEA), hereby answers the claims brought under the Freedom of Information Act (FOIA) by Plaintiff Lavon Parks in his Complaint (ECF No. 1) as follows:

FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure ("Rule") 8(c).

SECOND DEFENSE

Plaintiff is not entitled to any relief that is not provided for in 5 U.S.C. § 552(a)(4)(B).

THIRD DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

FIFTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

SIXTH DEFENSE

Plaintiff's complaint contains immaterial and impertinent allegations that should be stricken by the Court on its own pursuant to Rule 12(f)(1).

RESPONSES TO NUMBERED PARAGRAPHS

Defendant denies each and every allegation contained in the Complaint except as may have been expressly admitted herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

**COMPLAINT**[1]

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of his case and the nature of the action to which no response is required.

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

2. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the limitations of FOIA and that venue is proper in the judicial district. Defendant further avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

## PARTIES

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3.

4. Defendant admits that DEA is a federal agency, and that it is a component of the United States Department of Justice (DOJ). The remaining allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendant avers that the statute cited speaks for itself, refers the Court to the statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

## PROCEDURAL HISTORY

5. Defendant admits that it received Plaintiff's July 11, 2024, FOIA request. The remaining allegations contained in Paragraph 5 contain Plaintiff's characterization of the July 11, 2024, FOIA request to which no response is required. To the extent a response is required, Defendant avers that the FOIA request speaks for itself, refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

6. Admit.

7. Admit that by an e-mail dated August 28, 2024, DEA confirmed receipt of Plaintiff's signed DOJ-361 form. Defendant avers that the e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

8. Admit that DEA sent a letter to Plaintiff dated September 12, 2024. Defendant avers that the letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

9. Admit that Plaintiff submitted an Administrative Appeal to the DOJ Office of Information Policy (OIP). Defendant avers that the Administrative Appeal speaks for itself, refers the Court to the Appeal for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

10. Admit that Plaintiff submitted an Administrative Appeal to OIP. Defendant avers that the Exhibit referenced in Paragraph 10 speaks for itself and respectfully refers the Court to the Exhibit for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Admit that to date, DEA has not produced records to Plaintiff responsive to his July 11, 2024, request. The remaining allegations in Paragraph 11 contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

12. This paragraph contains conclusions of law to which no response is required.

13. This paragraph contains conclusions of law to which no response is required.

14. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 14.

## BACKGROUND

### *High Intensity Drug Trafficking Areas*

15. Admit that DEA investigated and subsequently arrested Plaintiff in May 2019, and that Plaintiff was convicted in December 2023.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17.

18. Paragraph 18 contains Plaintiff's characterization of the High Intensity Drug Trafficking Area (HIDTA) program to which no response is required. Defendant avers that the statute and external sources cited by Plaintiff speak for themselves and respectfully refers the Court to the statute and external sources for a full and accurate description of their contents.

19. Paragraph 19 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the Exhibit and external sources referenced in Paragraph 19 speak for themselves and respectfully refers the Court to the Exhibit and external sources for a full and accurate description of their contents.

20. Paragraph 20 contains Plaintiff's characterization of the HIDTA program to which no response is required.

21. Paragraph 21 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 21 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

22. Paragraph 22 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 22 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

23. Paragraph 23 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 23 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

24. Paragraph 24 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 24 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

25. Paragraph 25 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 25 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

26. Paragraph 26 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the Exhibit and external sources cited in

Paragraph 26 speak for themselves and respectfully refers the Court to the Exhibit and external sources for a full and accurate description of their contents.

27. Paragraph 27 contains Plaintiff's characterization of the HIDTA program to which no response is required.

28. Paragraph 28 contains Plaintiff's characterization of the HIDTA program to which no response is required.

29. Paragraph 29 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the Exhibit and external sources cited in Paragraph 29 speak for themselves and respectfully refers the Court to the Exhibit and external sources for a full and accurate description of their contents.

**DEA's DATA ANALYTICAL SERVICES f/k/a HEMISPHERE**

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30. To the extent a response is required, DEA denies the allegations.

31. Paragraph 31 contains Plaintiff's characterization of the Hemisphere project to which no response is required.

32. Paragraph 32 contains Plaintiff's characterization of the Hemisphere project to which no response is required. Defendant avers that the external source cited in Paragraph 32 speaks for itself and respectfully refers the Court to the external source for a full and accurate statement of its contents.

33. Paragraph 33 contains Plaintiff's characterization of the Hemisphere project to which no response is required.

34. Paragraph 34 contains Plaintiff's characterizations of the HIDTA program and the Hemisphere project, to which no response is required.

35. Paragraph 35 contains Plaintiff's characterizations of the HIDTA program and the Hemisphere project, to which no response is required. Defendant avers that the Exhibit and external sources cited in Paragraph 35 speak for themselves and respectfully refers the Court to the Exhibit and external sources for full and accurate descriptions of their contents.

36. Paragraph 36 contains Plaintiff's characterization of the Hemisphere project to which no response is required. Defendant avers that the external source cited in Paragraph 36 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

37. Paragraph 37 contains Plaintiff's characterization of an external source regarding the Hemisphere project. Defendant avers that the external source speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

38. Paragraph 38 contains Plaintiff's characterization of the HIDTA program to which no response is required. Defendant avers that the external source cited in Paragraph 38 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

39. Paragraph 39 contains Plaintiff's characterization of the Hemisphere project to which no response is required.

40. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40. To the extent a response is required, DEA denies the allegations.

41. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41. To the extent a response is required, DEA denies the allegations.

42. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42. To the extent a response is required, DEA denies the allegations.

43. Paragraph 43 contains Plaintiff's characterization of DEA's use of AT&T services to which no response is required. To the extent a response is deemed necessary, DEA denies the allegations.

44. Paragraph 44 contains Plaintiff's characterization of the Hemisphere project to which no response is required. To the extent a response is deemed necessary, DEA denies the allegations.

45. Paragraph 45 contains Plaintiff's characterization of the Hemisphere project to which no response is required. Defendant avers that the external source cited in Paragraph 45 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

46. Paragraph 46 contains Plaintiff's characterization of his FOIA request to which no response is required. Defendant avers that the request speaks for itself and respectfully refers the Court to the request for a full and accurate description of its contents.

47. Paragraph 47 contains Plaintiff's characterization of the Hemisphere project to which no response is required. Defendant avers that the external source cited in Paragraph 47 speaks for itself and respectfully refers the Court to the external source for a full and accurate description of its contents.

48. Paragraph 48 contains Plaintiff's description of a news article to which no response is required. Defendant avers that the news article speaks for itself and respectfully refers the Court to the news article for a full and accurate description of its contents.

49. Paragraph 49 contains Plaintiff's description of an Exhibit to which no response is required. Defendant avers that the Exhibit referred to in Paragraph 49 speaks for itself and respectfully refers the Court to the Exhibit for a full and accurate description of its contents.

50. Paragraph 50 contains Plaintiff's description of an Exhibit to which no response is required. Defendant avers that the Exhibit referred to in Paragraph 50 speaks for itself and respectfully refers the Court to the Exhibit for a full and accurate description of its contents.

51. Paragraph 51 contains Plaintiff's description of an Exhibit to which no response is required. Defendant avers that the Exhibit referred to in Paragraph 51 speaks for itself and respectfully refers the Court to the Exhibit for a full and accurate description of its contents.

52. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52. DEA avers that the external sources cited in Paragraph 52 speak for themselves and respectfully refers the Court to the external sources for a full and accurate description of their contents.

53. Paragraph 53 contains Plaintiff's description of a U.S. Supreme Court decision and also contains conclusions of law, to which no response is required. Defendant avers that the Supreme Court decision speaks for itself and respectfully refers the Court to the Supreme Court decision for a full and accurate description of its contents.

54. Paragraph 54 contains Plaintiff's description of a Hemisphere slide deck to which no response is required. Defendant avers that the slide deck speaks for itself and respectfully refers the Court to the slide deck for a full and accurate description of its contents.

55. Paragraph 55 contains Plaintiff's characterization of the Hemisphere project to which no response is required. To the extent a response is deemed necessary, DEA denies the allegations.

56. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57.

**TESTIMONY ABOUT HIDTA IN THE FEDERAL CRIMINAL PROSECUTION OF LAVON PARKS**

58. Admit that Brett Spivey and Jeffrey Fuller testified as government witnesses in Plaintiff's case. Defendant avers that the transcripts referred to in Paragraph 58 speak for themselves and respectfully refers the Court to the transcripts for a full and accurate description of their contents.

59. Paragraph 59 contains Plaintiff's characterization of trial testimony to which no response is required. Defendant avers that the transcript of the described testimony speaks for itself and respectfully refers the Court to the transcript for a full and accurate description of its contents.

60. Paragraph 60 contains Plaintiff's characterization of trial testimony to which no response is required. Defendant avers that the transcript of the described testimony speaks for itself and respectfully refers the Court to the transcript for a full and accurate description of its contents.

61. Paragraph 61 contains Plaintiff's characterization of trial testimony to which no response is required. Defendant avers that the transcript of the described testimony speaks

for itself and respectfully refers the Court to the transcript for a full and accurate description of its contents.

62. Admit.

63. Admit that DEA shares information with other law enforcement members of the HIDTA program. DEA denies the remaining allegations contained in Paragraph 63.

64. Paragraph 64 contains Plaintiff's characterization of trial testimony to which no response is required. Defendant avers that the transcript of the described testimony speaks for itself and respectfully refers the Court to the transcript for a full and accurate description of its contents.

65. Paragraph 65 contains Plaintiff's characterization of trial testimony to which no response is required. Defendant avers that the transcript of the described testimony speaks for itself and respectfully refers the Court to the transcript for a full and accurate description of its contents.

66. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66. To the extent a response is deemed necessary, DEA denies the allegations.

67. Paragraph 67 contains Plaintiff's characterization of his FOIA request to which no response is required. Defendant avers that the request speaks for itself and respectfully refers the Court to the request for a full and accurate description of its contents.

**DEA's DETERMINATION LETTER MISCONSTRUES THE APPLICABILITY OF CITED EXEMPTIONS TO DISCLOSURE**

68. Admit that to date, DEA has not produced records to Plaintiff responsive to his July 11, 2024, FOIA request. The remainder of Paragraph 68 contains conclusions of law to which no response is required.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**REQUESTED RELIEF**

The remainder of Plaintiff's Complaint contains Plaintiff's requested relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, they are denied.

Dated: November 26, 2024

Respectfully submitted,

TRINI E. ROSS
United States Attorney

By: /s/ *Scott Leeson Sroka*

SCOTT LEESON SROKA
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
Telephone: 716-843-5831
Email: Scott.Sroka@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2024, that service of the foregoing **Answer** has been made on counsel of record through the Court's ECF system.

/s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
Telephone: 716-843-5831
Email: Scott.Sroka@usdoj.gov