UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAVON PARKS,

Plaintiff,

v.

1:24-cv-01019

DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---

**STATEMENT OF UNDISPUTED FACTS**

Defendant, by its attorney, Michael S. Cerrone, Assistant United States Attorney, for Michael DiGiacomo, United States Attorney for the Western District of New York, hereby submits the following Statement of Undisputed Facts:

1. By electronic submission via DEA's Public Access Link (PAL) received on July 11, 2024, Plaintiff made a FOIA/PA request to DEA, seeking "all requests for information about himself … made to DAS, Hemisphere, or any HIDTA including a copy of any written or digital request and response; including, but not limited to, the source of the request, date, content of request, and the person or position to which it was directed, and any electronic trail from receipt to response." Declaration of Angela C. Davis ("Davis Dec."), ¶ 5, Exhibit A.

2. On July 11, 2024, an automatic reply was generated in response to Plaintiff's request and transmitted to him via the DEA's PAL portal (Portal), acknowledging receipt of Plaintiff's FOIA/PA request and notified Plaintiff that it had assigned his request DEA Case Number 24-00986-F. Davis Dec., ¶ 6, Exhibit B.

3. On July 17, 2024, an automatic reply was generated and transmitted to Plaintiff via the Portal, notifying Plaintiff that it had changed his FOIA/PA Case Number from 24-00986-F to 24-00625-P and informed Plaintiff to use that number in all future correspondences. Davis Dec., ¶ 7, Exhibit C.

4. By correspondence dated July 22, 2024, and transmitted to Plaintiff via the Portal, DEA notified Plaintiff that it determined his request was deficient and not compliant with the Department of Justice (DOJ) FOIA regulations codified in 28 C.F.R. Part 16 Subpart A. Specifically, DEA advised Plaintiff that because he was requesting records about himself, DEA would not process his request or search for responsive records without Plaintiff's verification of identity pursuant to 28 C.F.R. § 16.41(d). Davis Dec., ¶ 8, Exhibit D.

5. By e-mail dated August 28, 2024, Plaintiff provided DEA with a completed and signed DOJ Certification of Identity Form (DOJ-361). Davis Dec., ¶ 9, Exhibit E.

6. By letter dated September 6, 2024, DEA responded to Plaintiff's July 11, 2024, request, denying his request pursuant to FOIA and Privacy Act Exemptions 6, 7(A), (C), (E), (F), and (j)(2), respectively. Davis Dec., ¶ 10, Exhibit F.

7. By letter dated September 12, 2024, Plaintiff appealed DEA's final determination to the Office of Information Policy (OIP). Davis Dec., ¶ 11, Exhibit G.

8. On October 22, 2024, Plaintiff filed the Complaint in the instant action while his appeal was pending with OIP. Davis Dec., ¶ 12, ECF # 1.

9. By letter dated November 15, 2024, the OIP informed Plaintiff that it was closing his appeal file because he had filed a lawsuit in the federal court concerning DEA's determination of his FOIA/PA request. Davis Dec., ¶ 13, Exhibit H.

10. DEA's law enforcement mission includes enforcing the controlled substance laws and regulations of the United States. DEA's investigative jurisdiction derives from the Controlled Substances Act, 21 U.S.C. § 801, et seq. ("the CSA" or "the Act"). The CSA authorizes the DEA to enforce the Act through the investigation of trafficking in controlled substances and the violators who operate at interstate and international levels. This mission involves conducting criminal investigations to assist prosecutions of organizations and principal members of organizations involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States. DEA also prevents, detects, and investigates the diversion of controlled pharmaceuticals and listed chemicals from legitimate sources while ensuring an adequate and uninterrupted supply for legitimate medical, commercial, and scientific needs. Davis Dec., ¶ 14.

11. Pursuant to its law enforcement mission, all DEA criminal law enforcement investigative records are maintained as part of the DEA Investigative Reporting and Filing System (IRFS). IRFS is a DEA Privacy Act System of Records (Justice/DEA-008) that accounts for all administrative, general, and criminal investigative records compiled by DEA for law enforcement purposes across all DEA offices worldwide, including records maintained at DEA field offices. This includes any records related to an individual's involvement in, or association with, a DEA intelligence operation, or civil, criminal, or regulatory investigation. Davis Dec., ¶ 15.

12. DEA locates records that are maintained as part of IRFS using the DEA Narcotics and Dangerous Drugs Information System (NADDIS). NADDIS is a centralized electronic data index system that captures discrete data points about a person or entity collected during a DEA investigation and maintained as part of a DEA record. Utilizing

NADDIS to conduct an initial query as to whether investigative records exist as part of IRFS is the practical means by which DEA identifies, and then locates, investigative records across any DEA office worldwide. A NADDIS search is a worldwide, comprehensive search because all DEA intelligence and investigative records are indexed into NADDIS for purposes of being maintained as part of IRFS. Davis Dec., ¶ 16.

13. DEA interpreted Plaintiff's July 11, 2024, FOIA/PA request to be a request for any investigative records pertaining to himself. Davis Dec., ¶ 17.

14. To locate all responsive records, DEA searched IRFS for investigative records about Plaintiff by querying NADDIS using Plaintiff's name. The NADDIS search located four investigations involving Mr. Parks. Three DEA field offices currently have active investigations involving Mr. Parks. The fourth and remaining investigation in NADDIS is noted as "closed," but as described in further detail below, remains relevant to the currently active investigations and will be relevant to any future enforcement proceedings. Davis Dec., ¶ 18.

15. The FOIA/PA Unit contacted the appropriate DEA field offices to conduct records searches for records, including emails and other communications, related to the NADDIS matters involving Mr. Parks. These searches relied on the relevant case file numbers identified in NADDIS to identify responsive records. Davis Dec., ¶ 19.

16. Due to the nature of the active investigations into Mr. Parks, all records involving Mr. Parks, including emails and other communications would be maintained in investigative case files in NADDIS. Davis Dec., ¶ 20.

17. DEA's searches identified the systems and search terms that were reasonably likely to uncover all records responsive to Mr. Parks' FOIA/PA request. DEA's field office

searches resulted in responsive records that are discussed in more detail in DEA's *in camera* declaration. Davis Dec., ¶ 21.

18. DEA withheld all responsive records pursuant to FOIA Exemption 7(A), among other exemptions, because disclosure of each category of responsive records would interfere with enforcement proceedings. Davis Dec., ¶ 23.

DATED: Buffalo, New York, July 25, 2025

MICHAEL DIGIACOMO
United States Attorney

BY: s/MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov